J-S05022-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA, : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
Appellee :
:
v. :
:
TROY DAVID CLARK, :
:
Appellant : No. 900 WDA 2014

Appeal from the PCRA Order Entered April 25, 2014,
In the Court of Common Pleas of Clearfield County,
Criminal Division, at Nos. CP-17-CR-0000137-2009
and CP-17-CR-0000726-2009.

BEFORE:  DONOHUE, SHOGAN, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:                **FILED FEBRUARY 03, 2015**

Appellant, Troy David Clark, appeals *pro se* from the April 25, 2014 order that denied his second petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546.  After review, we affirm.

The record reveals that on September 22, 2009, Appellant entered open guilty pleas at trial court docket numbers CP-17-CR-0000137-2009 and CP-17-CR-0000726-2009.   At docket number CP-17-CR-0000137-2009, Appellant pled guilty to one count each of aggravated assault, simple assault, and disorderly conduct.   At docket number CP-17-CR-0000726-2009, Appellant pled guilty to one count each of intimidation of a witness, terroristic threats, and simple assault.   The trial court sentenced Appellant

on September 28, 2009, to an aggregate term of ten months to fifteen years of incarceration. No direct appeal was filed.

On June 29, 2010, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel, and counsel filed an amended PCRA petition on March 30, 2011. The PCRA court denied Appellant relief in an order filed on February 27, 2012. Appellant filed a timely appeal on March 16, 2012, and this Court affirmed the PCRA court's order on May 30, 2013. *Commonwealth v. Clark*, 494 WDA 2012, 81 A.3d 1009 (Pa. Super. filed May 30, 2013) (unpublished memorandum).

Thereafter, Appellant filed, *pro se*, a second PCRA petition on June 25, 2013. The PCRA court appointed counsel on December 13, 2013. Counsel subsequently filed a *Turner/Finley*[1] no-merit letter and a petition to withdraw on February 28, 2014. In an order filed on April 25, 2014, the PCRA court granted counsel's petition to withdraw and dismissed Appellant's PCRA petition. This timely appeal followed.

On appeal, Appellant raises one issue:

Whether the PCRA court erred as a matter of law and/or abused its discretion, when it dismissed Appellant's PCRA petition without issuing a notice to dismiss, in accordance with Pa.R.Crim.P., Rule 907.

Appellant's Brief at 1 (full capitalization omitted).

---

[1] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (setting forth the procedure for counsel to withdraw in PCRA matters).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. *Commonwealth v. Phillips*, 31 A.3d 317, 319 (Pa. Super. 2011) (citing *Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for them in the certified record. *Id*. (citing *Commonwealth v. Carr*, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

Before we may reach the merits of Appellant's claim of error, we must address whether Appellant satisfied the timeliness requirements of the PCRA. It is well settled that the timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000). In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). **Carr**, 768 A.2d at 1167.

Our review of the record reflects that Appellant's judgment of sentence became final on October 28, 2009, thirty days after the time expired for Appellant to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3);

---

[2] The exceptions to the timeliness requirement are:

(i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

-4-

Pa.R.A.P. 1113. Accordingly, Appellant's instant PCRA petition, his second, which was filed on June 25, 2013, is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

In his sole issue on appeal, Appellant correctly asserts that the PCRA court failed to comply with Pa.R.Crim.P. 907 by not providing him with notice that it intended to dismiss his PCRA petition without holding an evidentiary hearing. However, "our Supreme Court has held that where the PCRA petition is untimely, the failure to provide such notice is not reversible error." *Commonwealth v. Davis*, 916 A.2d 1206, 1208 (Pa. Super. 2007) (citing *Commonwealth v. Pursell*, 749 A.2d 911, 917 n.7 (Pa. 2000)). Thus, the failure of the PCRA court to provide the Rule 907 notice does not entitle Appellant to relief. *Davis*, 916 A.2d at 1208. *See also Commonwealth v. Kutnyak*, 781 A.2d 1259, 1263 (Pa. Super. 2000) (recognizing that under *Pursell*, the absence of Pa.R.Crim.P. 1507, now Rule 907, notice, standing alone, does not provide a basis for reversal of the dismissal of an untimely PCRA petition).

Because Appellant raised no additional issues and provided no argument or basis upon which an exception to the PCRA time bar applies, we conclude that Appellant's PCRA petition was untimely. Accordingly, because the instant PCRA petition was untimely and no exceptions apply, the PCRA court lacked jurisdiction to address the claim presented. *See **Commonwealth v. Fairiror**, 809 A.2d 396, 398 (Pa. Super. 2002) (holding that the PCRA court lacks jurisdiction to hear an untimely petition). Likewise, we lack jurisdiction to reach the merits of the appeal. *See **Commonwealth v. Johnson**, 803 A.2d 1291, 1294 (Pa. Super. 2002) (holding that the Superior Court lacks jurisdiction to reach the merits of an appeal from an untimely PCRA petition). Therefore, we affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/3/2015

-6-